**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT ) <br> OF MICHAEL WIENOLD AND BCW PARTNERS, LLC, ) <br> FOR EXONERATION FROM OR LIMITATION ) <br> OF LIABILITY, ) <br> ) <br> Plaintiffs. ) | Case No.: 1:24-cv-10400 |

**COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

Plaintiffs, Michael Wienold (hereinafter "Wienold"), and BCW Partners, LLC (hereinafter "BCW"), as the alleged owners of a 2019 Kingfisher 3425GFX (hereinafter "Vessel") (Wienold and BCW are collectively the "Plaintiffs"), by their attorneys, Raymond H. Groble III and Adrian D. Riordan, and for their Complaint seeking exoneration from, or alternatively, limitation of liability, allege as follows:

**Jurisdiction and Venue**

1. This action arises under the laws of the United States, specifically those laws defining a vessel owner's right to limitation and/or exoneration of liability pursuant to 46 U.S.C. § 30501 *et seq.*, and the various statutes, rules and regulations relating thereto (the "Limitation of Liability Act" or "LOLA"). This Court has jurisdiction over this Complaint pursuant to its admiralty and maritime jurisdiction under 28 U.S.C. §1333 and this is an action within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. On April 1, 2024, Jhonathan Holder Galvez Vargas ("Vargas") filed a complaint against Plaintiffs in the Circuit Court of Cook County, Illinois alleging that he sustained injuries while working as a crew member of the Vessel, and that the Plaintiffs are the owners of the Vessel. Vargas filed his first amended complaint in that same action on July 17, 2024 (A copy of the Amended Complaint is attached as Exhibit A).

3. Venue is proper pursuant to Rule F(9) of the Supplemental Rules for Admiralty or Maritime Claims, as the sole lawsuit related to the claim has been filed in Cook County, Illinois.

4. Wienold was at all times hereinafter mentioned the owner and titleholder of the Vessel, a 2019 Kingfisher 3425GFX with the hull identification number of QBSY4920J819.

5. BCW is named by Vargas as an additional owner of the Vessel, which BCW denies; however, BCW is entitled to relief from relief from this Court by reason of being named as an Owner of the Vessel in Vargas' suit.

6. BCW is a party to this Limitation of Liability action only to protect its rights under LOLA.

7. At all times relevant, Wienold took all appropriate steps, necessary actions and exercised due diligence to make and maintain the Vessel seaworthy and it was, at the time of the underlying incident involved herein, tight, staunch, and strong, properly equipped and supplied, and in all respects seaworthy and fit and suitable for the purpose in which it was engaged.

8. At all times relevant, Wienold was in compliance with all terms and conditions of any agreement existing between him and any persons or entities who might seek to bring claims related to the incident involved herein.

9. Wienold arranged for the Vessel to be crewed and transported from Peru to Mexico (hereinafter "Voyage").

10. Vargas alleges that the Voyage began on May 10, 2022, departing from Peru. (Ex. A at Par. 15).

11. Vargas alleges that on or about June 2, 2022, while being operated by him and two other unknown crewmembers the Vessel was caught in a storm near Plata Island, Ecuador. (Ex. A at Par. 22).

12. Vargas further alleges that the Vessel capsized, sank, the crew had to cling to floating debris, and that while he survived his shipmates did not. (*Id.*)

13. These two shipmates' estates have not yet asserted a claim against Wienold or BCW.

14. The Vessel was a fishing vessel, and there was no freight earned or pending at the time of the incident.

### Claim for Exoneration from or Limitation of Liability

15. Plaintiffs expressly deny any negligence on their part, including that the Vessel was unseaworthy, or that they caused the injuries and/or damages sustained by Vargas, however, if it is proven that the Vessel was unseaworthy during the June 2, 2022 incident resulting in injuries to Vargas and the two unknown crew members, Plaintiffs are entitled to seek exoneration or limit their liability consistent with LOLA.

16. The Incident and any claimed injuries and damages were not caused or contributed to by any fault, neglect, want of care, or design on the part of Plaintiffs or anyone to whom they may have been responsible. Rather, the Incident was caused in whole or in part by the fault, carelessness, and negligence of unknown third parties who were, upon information and belief, operating the Vessel at the time of the Incident, and/or other third parties that for whom Plaintiffs were not responsible.

17. The injuries and damages that any parties, including but not limited to Vargas or any other persons aboard the Vessel on June 2, 2022, may have sustained as caused by the Incident and for which claims may be made, were occasioned and incurred without the privity and knowledge of Plaintiffs as (a) Plaintiffs kept the vessel in a seaworthy condition; (b) Plaintiffs were in compliance with all terms and conditions of any agreements involving the Vessel; (c) Plaintiffs

3

were not present or involved in the Incident; and (d) Plaintiffs conduct were otherwise in all respects prudent and did not improperly put into motion or proximately cause the incident.

18. Plaintiffs are not liable to any party, individual or entity, for any injuries, losses, or damages done, occasioned, incurred or resulting by reason of the incident, and Plaintiffs maintain that they are entitled to exoneration from liability for any and all injuries, losses and damages that may be claimed as a result of the incident.

19. In claiming exoneration from liability for any losses, damages, and/or injuries occasioned or incurred by reason of the incident, which is described herein, and for any and all claims arising therefrom, Plaintiffs state that they have a valid defense thereto based on the facts and the law.

20. While affirmatively denying any liability, Plaintiffs also believe that the claims, known and unknown, that may be asserted against them and the Vessel as a result of the incident which is described herein will exceed Plaintiffs' interest in the Vessel.

21. In the alternative, and in addition to the fact that Plaintiffs seek exoneration from any liability, Plaintiffs claim the benefits of limitation of liability provided by Pub. L. 109-304, 120 Stat. 1512 -1516, (46 U.S.C. §§ 30501-30512), and the various acts amendatory thereof and supplemental thereto.

22. The value of the Vessel following the incident is zero dollars ($0.00), because the vessel capsized, sank, and was subsequently unable to be recovered. See Declaration of Vessel Value, attached hereto as Exhibit B. This amount is substantially less than the total amount of the claim or claims that Plaintiffs anticipate could be brought against them as hereinabove set forth.

23. Subject to final appraisal of the interests of Plaintiffs in the Vessel, if such final appraisal may be ordered by this Court on the application of any proper party of interest, Plaintiffs

respectfully request that this Honorable Court forego the need for offering an *Ad Interim* Stipulation, payment of a bond or the transfer to a trustee appointed by the Court, as the Vessel was unrecovered and would be deemed a total loss, and therefore Plaintiff's interest in the Vessel has been nullified. See Stipulation for Costs, attached hereto as Exhibit C.

24. Plaintiff contemporaneously files a Stipulation for Costs in the sum of $250.00 as security for costs, as provided by Rule F(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

25. Plaintiffs' first possible notice of this claim was on April 17, 2024, when BCW was served with the Complaint.

26. This Complaint for Exoneration is filed within six months of the first notice of this incident.

27. Other than Vargas, and upon information and belief, the presently known and potential claimants who have or may assert a claim against Wienold in connection with the incident are the two unknown crew members, neither of which has yet asserted a claim.

WHEREFORE, Plaintiff, Michael Wienold, respectfully requests that:

a) Pursuant to applicable rules and procedures governing limitation of liability actions, the Court enter an Order pursuant to the applicable law, rules, and practices of this court, directing the issuance of a Monition to all persons possessing or claiming to possess a claim for any and all injuries, damages, or other losses done, occasioned, or incurred by, or resulting from, the aforesaid incident, compelling them to appear before this court and to file and make due proof of their respective claims and also to appear and answer the allegations of this complaint, according to the law and practice of this court at or before a certain time to be fixed in the Monition;

b) Pursuant to applicable rules and procedures governing limitation of liability actions, the court enter an order enjoining the further prosecution, and the commencement and prosecution, of any and all pending and future claims, lawsuits, and proceedings of any kind resulting or in any way relating to the aforesaid incident, and any and all actions, lawsuits, and proceedings of any kind against Wienold, BCW or against the Vessel, to recover damages alleged to have been sustained and arising out of or occasioned by the aforesaid Incident, except in this proceeding; and

c) The court adjudge and find in this proceeding:

  I. Plaintiffs, Michael Wienold and BCW Partners LLC, are not liable to any extent for any loss or damage or for any claims whatsoever in any way arising out of or in consequence of the Incident made the subject of this Complaint; or,

  II. Alternatively, if Plaintiffs, Michael Wienold and BCW LLC are judged liable, said liability and damages to any and all claimants collectively shall be limited to, and shall not exceed, the amount of Plaintiffs' interest in the Vessel (which has a value of $0.00) and that Plaintiffs be discharged from any and all further liability and damages to all claimants; and

  III. Plaintiffs, Michael Wienold and BCW Partners LLC, be given such other and further relief as this Court may deem just and proper.

Respectfully submitted:

Michael Wienold and BCW Partners, LLC

By /s/ Raymond H. Groble III
One of Their Attorneys

Raymond H. Groble III
Adrian D. Riordan
Mohan Groble Scolaro, P.C.
55. W. Monroe St., Suite. 1600
Chicago, Illinois 60603
312-422-9999
groble@mohangroble.com
ariordan@mohangroble.com

## **CERTIFICATE OF FILING**

The undersigned certifies that, on this 15th day of October, pursuant to Fed. R. Civ. P. 5 and LR 5.2, a true and correct copy of the foregoing Complaint for Exoneration From or Limitation of Liability, was filed with the Clerk of Court using the CM/ECF System.

/s/ Raymond H. Groble III